**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| BARBARA SIMS ADAMS, | ) | |
| | ) | No. 6:14-cv-460-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R") that the court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying claimant Barbara Sims Adams' ("Adams") application for disability insurance benefits ("DIB"). Adams filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

Adams filed an application for DIB on April 11, 2011. The Social Security Administration ("the Agency") denied Adams' application both initially and on reconsideration. Adams requested a hearing before an administrative law judge ("ALJ"), and ALJ John E. Case presided over the hearing held on July 24, 2013. In a decision

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

issued on August 8, 2013, the ALJ determined that Adams was not disabled.  Adams requested Appeals Council review of the ALJ's decision.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review on December 20, 2013.

On February 21, 2014, Adams filed this action seeking review of the ALJ's decision.  The magistrate judge issued an R&R on April 23, 2015, recommending that this court affirm the ALJ's decision.  Adams filed objections to the R&R on May 12, 2015, and the Commissioner responded on May 29, 2015.  This matter is now ripe for the court's review.

### B.    Medical History

Because the parties are familiar with Adams' medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts.  Adams was forty-six years old at the time of her alleged disability onset date.  She completed her education through seventh grade.  Tr. 34.  She has past relevant work experience as a waitress, warehouse worker, forklift operator, machine operator in textile industry (spinner/spooler), and cashier.  Tr. 20.  In her application, Adams alleged disability due to leg and back pain.

### C.    ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-

2

step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps."  Id. (citing Hunter, 993 F.2d at 35).

       To determine whether Adams was disabled from September 14, 2010 through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Adams did not engage in substantial gainful activity during the period at issue.  Tr. 17.  At step two, the ALJ found that Adams suffered from the following severe impairments:  lumbar disc disease, cervical disc disease, cardiovascular disease, diabetes mellitus, and a history of renal stones.  Id. At step three, the ALJ found that Adams' impairments or combination thereof did not

meet or medically equal one of the impairments listed in the Agency's Listing of

Impairments.  Id.  Before reaching the fourth step, the ALJ determined that Adams

retained the residual functional capacity ("RFC") to perform light work with several

restrictions.  Tr. 18.  Specifically, the ALJ stated that Adams could not climb ladders,

ropes, or scaffolds and must "avoid concentrated exposure to extreme cold, extreme heat,

humidity, pulmonary irritants and hazards."  Id.  The ALJ further stated that Adams could

"occasionally climb ramps/stairs, balance, stoop, crouch, kneel, and crawl."  Tr. 18.  At

step four, the ALJ found that Adams could not perform her past relevant work as a

waitress, warehouse worker, forklift operator, machine operator in textile industry

(spinner, spooler), or cashier.  Tr. 20.  However, at the fifth step, the ALJ found that

Adams could perform jobs that exist in significant numbers in the national economy.  The

ALJ therefore concluded that Adams was not disabled during the period at issue.  Tr. 21.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the

magistrate judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  This court is not required to review the magistrate judge's factual findings

and legal conclusions to which the parties have not objected.  See id.  The

recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination remains with this court.  Mathews v. Weber,

423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits

"is limited to determining whether the findings of the [Commissioner] are supported by

substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

4

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.

### III.  DISCUSSION

Adams objects to the R&R on the following grounds, arguing that the magistrate judge erred in finding that:  (1) the ALJ properly followed the treating physician rule; (2) the ALJ properly assessed the RFC finding; and (3) the ALJ properly assessed Adams' credibility.

The court considers these objections in turn.

### A.        Treating Physician Rule

Adams' first objection to the R&R is that the magistrate judge improperly found no error in the ALJ assigning little weight to the opinion of Dr. Neal Goldberger ("Dr. Goldberger"), Adams' treating physician.  Pl.'s Objections 2.  Adams argues that the ALJ failed to properly weigh the evidence that supports Dr. Goldberger's opinion.  Id.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig, 76 F.3d at 590.  In such a circumstance, "the ALJ holds

5

the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors:  (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion.  20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).  However, the Fourth Circuit has not mandated an express discussion of each factor, and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision."  Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating physician's opinion).  A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion."  Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

Dr. Goldberger completed a medical source statement dated May 8, 2012 in which he opined on Adams' physical opportunity capacities.  Tr. 674.  In this statement, he opined that Adams could sit for two hours and stand or walk for one hour per day and

that she would need the opportunity to alternate sitting and standing throughout the day. Id. He also opined that Adams could lift and carry up to five pounds frequently and up to ten pounds occasionally, but that she could never climb, balance, stoop, kneel, crouch, crawl or reach above shoulder level. Tr. 675. The ALJ discussed Dr. Goldberger's medical statement in his decision, ultimately affording his opinion little weight. Tr. 19. In doing so, the ALJ determined that neither the other evidence in the record nor Dr. Goldberger's own treatment notes supported Dr. Goldberger's findings. Id.

In her objections, Adams contends that the ALJ failed to properly consider all of the relevant evidence when assessing Dr. Goldberger's opinion, specifically: (1) two positive straight leg raise tests; and (2) the documentation of Adams' radiating pain due to nerve root irritation. Pl.'s Objection 2–3. When discussing his decision to afford Dr. Goldberger's opinion little weight, the ALJ noted that "there was no medical evidence of limited spine range of motion or motor and sensation loss." Tr. 18. The ALJ further noted that physical examinations showed normal muscle strength in Adams' upper and lower extremities and "the record documents no abnormalities of the plaintiff's gait or station." Tr. 18. Additionally, Dr. Goldberger's notes show that Adams has a good range of motion, strength, and sensation with negative straight leg raisings. Tr. 19, 544–93, 667–680, 762–744. As noted by the magistrate judge, the ALJ extensively discussed the provided clinical findings and treatment records, which he found to be inconsistent with Adams' alleged pain. R&R 16–21.

Here, Adams' objection is essentially an invitation for the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(holding that a reviewing court should not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).  Further, there is no indication that the ALJ dredged up specious inconsistencies in discounting Dr. Goldberger's opinion.  Rather, the ALJ pointed to significant inconsistencies in Dr. Goldberger's opinion.  Craig, 76 F.3d at 590, *5.  ("If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").  Accordingly, the court declines to reweigh the evidence and instead finds that the ALJ's weighing of Dr. Goldberger's opinion is supported by substantial evidence.

Therefore, Adams' first objection fails.

**B.      RFC finding**

Adams' second objection to the R&R is that the magistrate judge improperly found no error in the ALJ's assessment of the RFC finding.  Pl.'s Objection 4. Specifically, Adams contends that the ALJ improperly discounted Dr. Goldberger's opinion while giving great weight to the opinion of the state agency physician.  Id. at 4–6.

Dr. Carl Anderson ("Dr. Anderson"), a state agency physician, opined that Adams could perform light work activity with occasional posturals.  Tr. 18, 635.  He further opined that Adams could never climb ladders, ropes, or scaffolds and that she must avoid concentrated exposure to extreme cold, heat, humidity, pulmonary irritants, and hazards. Tr. 635, 637.  The ALJ granted Dr. Anderson's opinion great weight, finding "it [to be] consistent with the minimal objective findings and conservative treatment course."  Tr. 18.

8

According to the Regulations and Fourth Circuit case law, the ALJ may grant more weight to a non-examining physician when the non-examining physician's opinion is consistent with the record.  See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) ([T]he testimony of a non-examining physician can be relied upon when it is consistent with the record.");  SSR 96-6p, 1996 WL 374180, a *3 ("In appropriate circumstances, opinions from State agency medical. . . consultants. . . may be entitled to greater weight than the opinions of treating or examining sources.").

Adams' objection to the ALJ's weighing of Dr. Anderson's opinion is essentially an invitation for the court to reweigh the evidence and come to its own conclusion.  Such reweighing of the evidence is not within the province of this court.  See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

Therefore, Adams' second objection fails.

**C.    Credibility**

Adams lastly argues that the ALJ erred in assessing Adams' credibility because he did not properly follow the two step credibility process.  Pl.'s Objections 6.  Adams contends that at step two, the ALJ failed to consider both the objective and subjective evidence.  Pl.'s Objections 6.  Specifically, Adams contends that the ALJ did not adequately consider her treatment and activities of daily life when assessing Adams' statements regarding the intensity, persistence, and limiting effects of her symptoms.  Pl.'s Objections 4–7.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain. Craig, 76 F.3d at 594. First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. Id.; SSR 96-7p. Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. This evaluation must take into account not only the claimant's statements about her pain, but also all of the available evidence, including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it. Craig, 76 F.3d at 595 (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion." Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). In addition, an ALJ's decision regarding a claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Adams argues that her credibility should not be doubted because she had allegedly undertaken only "conservative treatment." Pl.'s Objections 5. In support of her argument, Adams points to joint injections and chronic pain medications that she recently

10

pursued for treatment.  Id.  However, as the magistrate judge notes, the ALJ did not

discount Adams' credibility for her "conservative treatment" alone.  R&R 24.  The ALJ

also considered Adams' positive response to medications, as well as her unremarkable

physical impairments.  Tr. 19.  For example, the ALJ noted that while "the claimant

testified to debilitating back and leg pain that prevents her from walking or standing for

even an hour" and testified that "she elevates her feet throughout the day due to ankle

swelling," there was no "objective evidence of significant peripheral neuropathy or

edema."  Tr. 20.  The ALJ also noted that Adams' lower extremity arterial exam

"revealed normal bilateral ankle brachia indices."  Tr. 20, 518–19.  Based on these

findings, it appears that Adams' impairments were "successfully controlled at various

times."  Felton-Miller, No. 11–cv–1500, 2011 WL 6396463, at *2 (4th Cir. December 21,

2011).  ("[W]e conclude that substantial evidence supports the ALJ's conclusion because

the record shows that, although [claimant's] medication occasionally required

adjustment, her symptoms were successfully controlled at various times.").

       The ALJ also noted that Adams had applied for unemployment benefits, requiring

her to assert that she was willing and able to work.  Tr. 20.  The court finds that this is

appropriate evidence to consider when evaluating a claimant's credibility.  See Elder v.

Astrue, No. 3:09–cv–02365, 2010 WL 3980105, at *10 (4th Cir. October 8, 2010) (ALJ's

credibility finding supported in part by evidence that plaintiff applied for unemployment

benefits).

       Because the ALJ set forth the specific evidence on which he relied in evaluating

Adams' credibility, the court finds that the ALJ did not need to discuss Adams' daily

activities in detail.  In addition, the court finds that the ALJ properly followed the two

part test for evaluating Adams' subjective allegations of pain—he considered the objective medical evidence as well as Adams' subjective complaints.  Tr. 18–20.  See White v. Massanari, 271 F.3d 1256, 1261 (10th Cir. 2001) (finding that "a formalistic factor-by-factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth specific evidence [he] relies on in evaluating the claimant's credibility").

Therefore, Adams' third objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 5, 2015**
**Charleston, South Carolina**

12